1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Civil No. 06cv2407 J |
| ) | Crim. No. 04cr0018 J |
| Plaintiff/Respondent,  ) | |
| v.  ) | **ORDER DENYING PETITION FOR** |
| ) | **WRIT OF HABEAS CORPUS** |
| GILBERTO HERRERA-VARGAS,  ) | |
| ) | |
| Defendant/Petitioner.  ) | |
| ) | |

On October 31, 2006, Petitioner Gilberto Herrera-Vargas ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed in case No. 04cr0018. [Doc. No. 35.]  In response to Petitioner's Petition, the Court ordered Respondent, the United States of America, to show cause why the Petition should not be granted. [Doc. No. 36.]  On March 5, 2007, the United States filed a Response to the Petition. [Doc. No. 39.]  To date, Petitioner has not filed a traverse.  This Court has reviewed the papers filed and determined that the issues presented are appropriate for decision without oral argument.  *See* S.D. Cal. Civ. R. 7.1(d)(1) (2006).  For the reasons set forth below, the Court **DENIES** the Petition for Writ of Habeas Corpus.

//
//

*Background*

I. **Background**

On December 8, 2003, Petitioner was stopped at an immigration checkpoint on State Highway 111 near Niland, California. (*See* Gov't Comp. at 2.) Petitioner told the Border Patrol Agent that he was a United States citizen. (*See id.*) The agent conducted an immigration and criminal record check and discovered that Petitioner had been previously deported from the United States and had a criminal record. (*See id.*)

Petitioner was read his Miranda rights and questioned. (*See id.* at 3.) Petitioner then disclosed to the agents that he was a citizen of Mexico with no lawful authority to be in the United States. Petitioner stated that he had entered the United States illegally by hiking through mountains near the Port of Entry in Tecate, California. (*See id.*)

II. **Procedural History**

Petitioner was subsequently indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. [Doc. No. 5.] On February 20, 2004, Petitioner pled guilty to the charge without a plea agreement. [Doc. No. 11.]

At the disposition hearing, this Court confirmed that Petitioner was entering his plea freely and voluntarily, and that no representations had been made by counsel as to what sentence he would receive. (*See* Gov't Resp. Ex. 1; Rep.'s Tr. Disposition Hr'g.) Petitioner stated that he understood the proceedings and desired to enter a guilty plea. (*See id.* at 6-7.) Petitioner also confirmed he understood that the judge and not the attorneys would decide his sentence, and that no prediction or promise was made to him regarding the length of his sentence. (*See id.* at 12-14.) Petitioner's counsel stated that he did not make any promises or representations to Petitioner regarding his sentence. (*See id.* at 15.) This Court then accepted Petitioner's plea of guilty.

Based on Petitioner's criminal history and resulting offense level, the government recommended a sentencing range between seventy-seven and ninety-six months. (*See id.* at 13.) This range was the result of a sixteen-level increase due to Petitioner's prior aggravated felony, and a three-level decrease for acceptance of responsibility. (*See id.* at 13.) On May 4, 2004,

Petitioner's counsel filed a motion for downward departure based on the following grounds: over-representation of Petitioner's criminal history, family ties and responsibility; coercion and duress; the totality of the circumstances; and cultural assimilation. (*See* Pet.'s Mot. Downward Departure at 2-5.)

On May 10, 2004, at the Sentencing Hearing, Petitioner's counsel again argued for a downward departure, focusing his argument on Petitioner's family ties and responsibility and cultural assimilation. (*See* Gov't Resp. Ex. 1; Rep.'s Tr. Sentencing Hr'g at 22-23.) Petitioner's counsel acknowledged Petitioner's past criminal history, but stated that Petitioner's family, who reside in the United States, are of the utmost importance to him, and concluded by stating that Petitioner would not return illegally to the United States. (*See id.* at 24-25.) Petitioner's counsel also provided letters of support from Petitioner's family and friends. (*See* Gov't Resp. Ex. 1; Rep.'s Tr. Sentencing Hr'g at 22-23.) The Court sentenced Petitioner to seventy-seven months confinement, the low-end of the applicable sentencing range. (*See id.* at 28.) Petitioner appealed his sentence, and the Ninth Circuit remanded the case to this Court for reconsideration and possibly re-sentencing in an *Ameline* hearing. [Doc. No. 30.] On April 14, 2006, this Court affirmed the sentence previously imposed. [Doc. No. 34.]

Presently before the Court is Petitioner's Petition to vacate, set aside, or correct the sentence imposed, under 28 U.S.C. § 2255. [Doc. No. 35.] Petitioner asserts that his counsel provided ineffective assistance. On March 5, 2007, the Government filed a response to the Petition. [Doc. No. 39.]

## *Legal Standard*

**I.     28 U.S.C. § 2255**

"A prisoner in custody under sentence of a court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2000).

//

//

## II. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to prove that counsel acted ineffectively, a petitioner must meet a two-prong test. First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *See id.* at 687. A court's review of counsel's performance should be "highly deferential" because there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. *United States v. Ferreira-Almeda*, 815 F.2d 1251, 1253 (9th Cir. 1986); *see also Strickland,* 466 U.S. at 690. Second, a petitioner must also show that his counsel's deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693-94. The court need not address both the performance prong and the prejudice prong if the petitioner fails to make a sufficient showing of either. *See id.* at 700.

### *Discussion*

## I. Ineffective Assistance of Counsel

In his Petition, Petitioner asserts that his judgment and sentence should be vacated due to the ineffective assistance of his counsel in: (1) failing to show the Court that the arresting officers lied in their reports, (2) failing to adequately raise the issue of cultural assimilation when requesting downward departure at the sentencing hearing, (3) representing to Petitioner that Petitioner would only receive twenty-four to thirty-six months incarceration if he pled guilty, and (4) lying when stating to the Court that he had informed Petitioner of the time limit on the Government's fast-track offer. (*See* Pet. at 1-3.) For the reasons set forth below, the Court **DENIES** Petitioner's Petition without an evidentiary hearing.

### A. *Counsel's Alleged Failure to Show the Court that the Arresting Officers Lied*

Petitioner asserts that his counsel was ineffective for failing to show the Court the lies made by the arresting officers in their arrest reports. (*See* Pet. at 1.) Specifically, Petitioner claims that the arrest reports were inaccurate by stating that the arresting officers were standing

in the middle of the road when Petitioner crossed the checkpoint, that the arresting officers questioned Petitioner about his citizenship, and that Petitioner crossed the checkpoint at 3:45 p.m. instead of 2:30 p.m. (*See id.* at 1-2, 13.)

In order to show his counsel was ineffective for failing to introduce the above discrepancies, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *See Strickland* 466 U.S. at 687. A defense attorney "who fails adequately . . . to introduce into evidence, [evidence] that demonstrate[s] his client's factual innocence . . . renders deficient performance." *Hart v. Gomez*, 174 F.3d 1067, 1071 (9th Cir. 1999). However, "the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 156, 1162 (9th Cir. 1989) (quoting *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)).

Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness. It would have been fruitless for Petitioner's counsel to argue that Petitioner arrived at the checkpoint an hour earlier than the arrest report stated or litigate the location where the officers were standing when Petitioner's vehicle approached. Petitioner, therefore, fails to establish the first prong of the *Strickland* test.

Even if Petitioner's counsel had acted deficiently, Petitioner is unable to demonstrate prejudice. A factual finding in Petitioner's favor would contribute little to the issue of Petitioner's guilt. Petitioner admitted during the Disposition Hearing that he came back to the United States illegally, after being deported, to see his family. (*See* Gov't Resp. Ex. A; Rep.'s Tr. Disposition Hr'g at 8.) Accordingly, this Court **FINDS** that Petitioner's counsel's failure to raise these issues does not constitute ineffective assistance of counsel. *See Shah*, 878 F.2d at 1162.

//
//
//
//
//

**B.      *Counsel's Alleged Failure to Raise the Issue of Cultural Assimilation When Requesting Downward Departure***

Petitioner claims that his counsel failed to adequately argue for cultural assimilation when requesting a downward departure.[1]  (*See* Pet. at 2-3, 7.)  Petitioner's counsel, however, addressed cultural assimilation in his Motion for Departure and at the Disposition Hearing.  (*See* Gov't Resp. Ex. 1; Rep.'s Tr. Disposition Hr'g at 23.)  Petitioner does not deny that his counsel addressed the issue, but specifically alleges that his counsel denied him the opportunity to introduce *United States v. Reyes-Campos*, 293 F. Supp. 2d 1252 (D. Ala. 2003), to the Court.  *Reyes-Campos* held that the defendant, a Mexican citizen who had illegally entered the United States after deportation, was entitled to a two-level downward departure because his unusual cultural and familial ties to the United States had motivated his illegal entry.  *See id.* at 1256.  Petitioner's counsel, however, chose not to use *Reyes-Campos* and instead relied on *United States v. Lipman*, 133 F.3d 726 (9th Cir. 1997), a Ninth Circuit case addressing the same topic, in his Motion for Downward Departure.  (*See* Mot. for Downward Departure at 15.)  While the reasons for counsel's choice of cases remain unknown, "a tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel."  *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984); *see also Strickland*, 466 U.S. 668 at 690.  Consequently, Petitioner has failed to prove that Petitioner's counsel was deficient for failing to introduce the *Reyes-Campas* case.

Additionally, Petitioner's counsel addressed the issue of cultural assimilation at the Disposition Hearing, and invited the Court to ask any questions of him.  (*See* Gov't Resp. Ex. 1; Rep.'s Tr. Disposition Hr'g at 23.)  Because Petitioner's counsel made reasonable efforts, both in writing and orally at the hearing, to request downward departure for cultural assimilation on behalf of Petitioner, Petitioner's counsel was not deficient in his request for downward departure.

---

[1] Petitioner additionally requests in his Petition that the Court grant his "motion for cultural assimilation."  (*See* Pet. at 3.)  However, this Court already decided this issue at the Disposition Hearing.  This Court will construe Petitioner's request that this Court grant his "motion for cultural assimilation" as part of Petitioner's assertion that his counsel acted ineffectively by failing to adequately raise the issue of cultural assimilation.

Even if Petitioner's counsel were deficient for failing to address the topic of cultural assimilation specifically how Petitioner wished, Petitioner cannot establish that but for his counsel's performance, the result in his case would have been different. As noted above, the authority to which Petitioner's counsel cited expressed the same principle found in the case Petitioner wished to introduce. Furthermore, *Reyes-Campos* is a case from the Middle District of Alabama, and thus not binding on this Court. Even assuming counsel erred in choosing one case over the other, nothing about the selection of cases suggests that a different result would have been reached at the Disposition Hearing. In fact, this Court sentenced Petitioner to the low-end of the sentencing guidelines. Because Petitioner cannot establish that counsel's conduct was deficient or prejudicial, this Court **FINDS** that counsel was not ineffective for failing to utilize Petitioner's requested case.

### C. *Petitioner's Claim that His Plea Was Involuntary*

Petitioner claims that his plea was unlawfully induced, or "not made voluntarily or with understanding of the nature of the charge and the consequences of the plea."[2] (Pet. at 6.) Claims regarding ineffective assistance of counsel during the plea process are governed by the standards set forth in *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). As a result, the voluntariness of a guilty plea depends on whether counsel's advice was within the wide range of competence demanded of attorneys in criminal cases. *See id.* at 56 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A defendant who pleads guilty upon the advice of counsel can attack the voluntary and intelligent nature of his plea by showing that the advice he received from counsel fell outside this range of competence. *See Hill*, 474 U.S. 52 at 56-57. Additionally, to demonstrate prejudice, a defendant must show that his counsel's constitutionally ineffective performance affected the outcome of the plea process. *See id.* at 59.

---

[2] This language is part of a template form for a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, presumably provided to Petitioner by the correctional facility in which he is housed. Petitioner circled this language on the form under a section providing common grounds for possible relief. Claims asserted by *pro se* petitioners are held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519-520 (1972). Consequently, this Court will construe Petitioner's circled language and the factual allegations following it as Petitioner stating a ground for relief.

Petitioner claims that his plea was involuntary for the following reasons: (1) his counsel misrepresented to him that he would receive twenty-four to thirty-six months in custody, and (2) his counsel failed to inform him of the thirty-day limit on the Government's plea offer.

### 1. Counsel's alleged misrepresentation that Petitioner would only receive a twenty-four to thirty-six month sentence if Petitioner pled guilty

Petitioner alleges that his counsel "manipulated and lied" to him by convincing him that the Judge of this Court, because of his race, would be more lenient on Petitioner since Petitioner is a minority. (Pet. at 2.) Petitioner claims his counsel promised him that this Court would sentence him to twenty-four to thirty-six months, when his counsel knew he would actually be sentenced under the Guidelines. (*See id.*) Petitioner further asserts that the sole reason he pled guilty was because of these promises by his counsel. (*See id.*) Several parts of the record, in combination, demonstrate that Petitioner has failed to prove that his counsel acted outside the range of competence for criminal attorneys.

First, as Respondent correctly noted, Petitioner explicitly stated under oath at the Disposition Hearing on February 20, 2004, that no prediction, prophecy or promise had been made to him. (*See* Gov't Resp. at 7.) Rule 11(b)(2) of the Federal Rules of Criminal Procedure requires that the court, prior to accepting a guilty plea, "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). In the case at hand, this Court engaged in the above analysis.

> THE COURT: Are you doing this freely and voluntarily?
> DEFENDANT: Yes, Sir.
> . . . .
> THE COURT: Has anyone made any prediction, prophecy or promise to you as to what your sentence in this case will be?
> DEFENDANT: No, Sir.

(Gov't Resp. Ex. 2; Rep.'s Tr. Disposition Hr'g at 12-13, 14.)

Petitioner also stated at the Disposition Hearing that he was pleading guilty because he was in fact guilty.

| | | |
|---|---|---|
| THE COURT: | Would you, or if you so desire . . . state for to [sic] record what it is you did that makes you think you committed this offense. | |
| DEFENDANT: | I came back to the United States to see my family. | |
| THE COURT: | Was that without permission, sir? | |
| DEFENDANT: | Yes, sir. | |
| . . . . | | |
| THE COURT: | Mr. Herrera, is it still your desire to plead guilty to being a deported alien found in the United States? | |
| DEFENDANT: | Yes, sir. | |
| THE COURT: | How do you then plead as to that charge? Guilty or not guilty? | |
| DEFENDANT: | Guilty, Your Honor. | |

(Gov't Resp. Ex. 2; Rep.'s Tr. Disposition Hr'g at 8, 15-16.)

While Petitioner's testimony in both instances directly contradicts the allegations he raised in his Petition, "solemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (quoting *United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979)).

Petitioner was also given the opportunity to address the Court at the Sentencing Hearing. (*See* Gov't Resp. Ex. 3; Rep.'s Tr. Sentencing Hr'g at 23.) When asked if he wanted to speak to the Court, Petitioner chose to do so at length, but said nothing about the misrepresentations that he alleges his counsel made. (*See id.* at 24-25.) Petitioner was given the option to speak after this Court stated that it was inclined to sentence Petitioner to seventy-seven months incarceration. (*Id.* at 19.) The language of Section 2255 does not strip this Court of all discretion to exercise common sense. *Machibroda v.United States*, 368 U.S. 487, 495 (1962). Common sense suggests that someone in Petitioner's position would not remain silent about a sentence of less than half the amount of time the Court was inclined to order when given the opportunity to speak.

Common sense also suggests that it would be highly unusual for defense counsel to give a client the advice that Petitioner asserts he received. Petitioner's counsel himself submitted a

sworn declaration stating that he did not "[m]ake any promises or representations of a specific sentence" to Petitioner." (*See* Gov't Resp. Ex. 1; Decl. Pet'r's Att'y at 3.)

In light of this record, this Court concludes that there is no support for Petitioner's claim that he believed he would only receive a twenty-four to thirty-six month sentence. Since there is no evidence that Petitioner's counsel performed inadequately, Petitioner's counsel was not ineffective.

Even assuming that Petitioner's counsel did not properly advise him regarding his potential sentence, Petitioner's claim must still fail. A defendant cannot assert a claim for ineffective assistance of counsel on the ground that defendant's counsel did not properly advise him regarding his sentence when the sentencing court did properly inform the defendant. *Chau Hon Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir.1984) (holding that the voluntariness of a plea could not be challenged on the grounds that the petitioner's counsel did not inform petitioner of his potential sentence exposure when the sentencing court fully informed the petitioner of his exposure). Petitioner was fully advised of the potential sentence range for which he could be sentenced. At the Disposition Hearing, this Court informed Petitioner of the maximum punishment he could receive as a result of his guilty plea, and made sure that Petitioner understood that it would be the Court, and not the attorneys, who would decide what the appropriate sentence should be. (*See* Gov't Resp. Ex. 2; Rep.'s Tr. Disposition Hr'g at 11, 12.) Petitioner indicated that he understood this information. (*See id.*) This Court also informed Petitioner that he would be sentenced according to the Guidelines. (*See id.* at 12.) Petitioner indicated that the sentencing guidelines had been explained to him by his counsel, and that he understood them. (*See id.*) Petitioner is thus precluded from raising this claim, and cannot establish that his counsel's alleged erroneous advice caused him prejudice. Thus, this Court **FINDS** that Petitioner has not demonstrated ineffective assistance of counsel for this claim.

        **2.**        **Counsel's Alleged Misrepresentation to the Court that He Informed Petitioner of the Time Limit for the Government's Offer.**

Petitioner claims that his counsel lied to this Court by stating that he advised Petitioner that Petitioner had thirty-days to accept the Government's offer. (*See* Pet. at 2.) Petitioner also

claims that his counsel never informed petitioner of the thirty-day time limit.  (*See id.* at 2, 9.)  Petitioner alleges that had his counsel informed him of the time limit, he would have "gladly taken those [sic] 36 months deal."  (*See id.* at 2.)

During all critical stages of the prosecution, including the plea bargain process, an attorney has a duty to inform his client of all important developments in the prosecution.  *See Strickland v Washington*, 466 U.S. at 688; *see also United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060-61 (9th Cir.2000) (holding that counsel is required to communicate the terms of a plea offer to a defendant, and to ensure that the defendant understands the terms of the offer and its significance).  Failure of counsel in this respect constitutes a gross deviation from accepted professional standards.  *See United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir. 1982)).

Petitioner has not demonstrated any factual basis to support his claim that his counsel's performance was unreasonable under prevailing professional standards.  This Court does not find anything in the record to support Petitioner's allegation that his counsel failed to inform him of the Government's time limit.  In fact, this Court found no evidence in the record that the Government imposed a thirty-day time limit at all.[3]  Petitioner did not raise the allegation that his counsel had failed to inform him of the time limit at either the Disposition Hearing when Petitioner pled guilty, or at the Sentencing Hearing.  As stated previously, common sense would suggest that Petitioner would not let this allegation go unmentioned.  Thus, no evidence supports Petitioner's assertion that his counsel performed inadequately by failing to inform him of a thirty-day time limit on the Government's offer.

Even if this Court found evidence to support Petitioner's claim that his counsel's conduct fell below a standard of reasonableness, Petitioner is unable to demonstrate prejudice.  In order to prove prejudice where counsel fails to inform the petitioner about a plea offer, the petitioner must prove there was a reasonable probability he would have accepted the offer.  *United States*

---

[3] Nowhere in the record is a specific thirty-day time limit mentioned.  In fact, in the declaration submitted by Petitioner's counsel, he specifically states "I do not recall if the government set a 30-day time limit on the offer.  As I recall, there were a number of discussions to get less time."  (Gov't Resp. Ex. 1; Decl. Pet'r Att'y at 3.)

*v. Blaylock*, 20 F.3d 1458, 1466-67 (9th Cir. 1994). Petitioner alleges that had he known about the thirty day limit, he would have accepted the offer. Petitioner does not allege, however, that he was notified of the Government's offer after the offer's expiration date. The Government has submitted evidence to the Court that shows Petitioner rejected the Government's offer and chose to later plead guilty to the Court. Petitioner's counsel submitted an affidavit specifically declaring that "defendant was notified of the offer of 36 months and I conveyed that to him at our first meeting. [H]e rejected the offer and was advised the government might very well withdraw it." (Gov't Resp. Ex. 1; Decl. Pet'r Att'y at 2.) Since Petitioner has failed to assert that his guilty plea was a consequence of his counsel's alleged failure to inform him of the Government's offer prior to its expiration, Petitioner cannot demonstrate that but-for his counsel's alleged error, the result of his case would be different. Because Petitioner did not allege the kind of prejudice necessary to satisfy the second prong of the *Strickland* test, this Court **FINDS** that Petitioner cannot support a claim for ineffective assistance of counsel.

## III. Evidentiary Hearing

Respondent asserts that no evidentiary hearing is necessary because the Court has before it a sufficient record to resolve Petitioner's claims. (*See* Gov't Resp. at 8.) A district court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In order for Petitioner to qualify for an evidentiary hearing, he must specify "factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). "[N]o hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.' " *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).

### A. *Counsel's Alleged Failure to Show the Court that the Arresting Officers Lied*

Counsel's performance in choosing not to raise a meritless argument was not deficient. Since Petitioner has failed to allege facts which, if true, would entitle him to relief, this Court **FINDS** that Petitioner is not entitled to an evidentiary hearing.

### B. *Counsel's failure to Raise the Issue of Cultural Assimilation When Requesting Downward Departure*

Counsel's decision to use a Ninth Circuit case in support of his argument for cultural assimilation, instead of the case Petitioner wished to use, constitutes a tactical decision, and is not deficient. Consequently, Petitioner has not alleged facts which, if true, would entitle him to relief. This Court **FINDS** that Petitioner is not entitled to an evidentiary hearing.

### C. *Petitioner's Claim that His Plea Was Involuntary*

Petitioner's present allegations that: (1) his counsel represented that Petitioner would only receive twenty-four to thirty-six months if he pled guilty, and (2) his counsel informing Petitioner and the Court that Petitioner was aware of the time limit to the Government's offer, are both outside the scope of the record. Because these allegations contradict Petitioner's previous statements in court, his credibility must be assessed. *See Shah v. United* States, 878 F.2d 1156, 1158 (9th Cir. 1989). The Ninth Circuit has recognized that where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, the court is not required to hold an evidentiary hearing. *See id.* (citing *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1989).)

Petitioner's allegations are wholly unsupported by the record. Petitioner did not raise these allegations at an earlier date, and in fact stated, under oath at the Disposition Hearing, that no promises had been made to him regarding his sentence. Furthermore, Petitioner's counsel submitted a sworn declaration stating that he did not promise petitioner a specified sentence and did inform him of the Government's offer and the fact that it could be withdrawn. This Court finds Petitioner's assertions without credibility. Because Petitioner has failed to allege facts, which, if true, would entitle him to relief, and because the record conclusively shows that Petitioner is not entitled to relief, this Court **FINDS** that Petitioner is not entitled to an evidentiary hearing on this claim.

//
//
//

*Conclusion*

For the reasons set forth above, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 **WITHOUT** an evidentiary hearing.

**IT IS SO ORDERED.**

DATED:  August 3, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties